

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                          Civil Action No. 3:13CR75

SHAIHE ALI SHABAZZ

## MEMORANDUM OPINION

On April 18, 2016, the Court received a 28 U.S.C. § 2255 Motion (ECF No. 39) submitted by counsel on behalf of Shaihe Ali Shabazz. Shabazz, however, did not sign the § 2255 Motion.

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that motions pursuant to 28 U.S.C. § 2255 "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 2(b)(5). The Advisory Committee Notes to Rule 2(b) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." Id., advisory committee notes, 2004 Amend. (citation omitted). The "'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.'" Hamdi v. Rumsfeld, 294 F.3d 598, 603 (4th Cir. 2002) (quoting Whitmore v. Arkansas,

495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited . . . ." Id.

To establish "next friend" standing:

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. (quoting Whitmore, 495 U.S. at 163-64).

Shabazz's current submission fails to demonstrate that that his counsel, Carolyn Grady qualifies as a "next friend" for Shabazz. Grady fails to demonstrate why Shabazz cannot sign the motion. See Aguilar v. Bragg, 463 F. App'x 333, 334 (5th Cir. 2012); Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 623 (11the Cir. 2007); Tate v. United States, 72 F. App'x 265, 267 (6th Cir. 2003).

Accordingly, the action will be dismissed for lack of jurisdiction. Shabazz and counsel remain free to resubmit a § 2255 signed personally by Shabazz.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Shabazz has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Shabazz and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 27, 2016