IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:13CR75

SHAIHE ALI SHABAZZ

### MEMORANDUM OPINION

Shaihe Ali Shabazz, by counsel, filed this 28 U.S.C. § 2255 Motion seeking relief based upon Johnson v. United States, 135 S. Ct. 2551 (2015). The Government has responded and agrees with Shabazz that his § 2255 Motion should be granted and that Shabazz should be resentenced. For the reasons that follow, the § 2255 Motion (ECF No. 42) will be granted.

The Court found Shabazz guilty of possession of firearm by convicted felon. (J. 1, ECF No. 29.) As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

Johnson, 135 S. Ct. at 2555 (citation omitted). At sentencing it was determined that Shabazz had three prior convictions that qualified as serious drug offenses or violent felonies. These charges included: Shooting into a Motor Vehicle Occupied by One

or More Persons, in the City of Petersburg, Virginia; Distribution of Cocaine in the City of Petersburg, Virginia; and Distribution of Cocaine in the State of New Jersey." (Presentence Report ¶ 65.) Pursuant to the Armed Career Criminal Act, the Court sentenced Shabazz to 180 months of imprisonment.

The Armed Career Criminal Act ("ACCA") defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." <u>Johnson</u>, 135 S. Ct. at 2556. In <u>Johnson</u>, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. <u>Id.</u> at 2557.

"Shabazz argues, and the Government agrees, that once <u>Johnson</u> is applied retroactively and the residual clause of the ACCA no longer applies, Shabazz has now been sentenced above his statutory maximum, which should be 120 months." (Gov't's Resp. 4-5.) Specifically, the Government concedes that

2

> Shabazz is correct that shooting into an occupied vehicle, under Va. Code §18.2-154, is not specifically listed under the ACCA – unlike burglaries, arson, extortion, or use of explosives. In addition, the offense does not have "as an element the use, attempted use, or threatened use of physical force against the person of another."

(Id. at 5 (citing Va. Code § 18.2-154).) The Government notes "to prove the offense of unlawful shooting at an occupied vehicle, the Commonwealth must prove beyond a reasonable doubt that the accused intended to shoot at or toward an occupied vehicle, but not that he had any specific intent to cause bodily injury or fear or apprehension to the person therein." Id. (quoting Armstead v. Commonwealth, 685 S.E.2d 876, 879-80 (Va. Ct. App. 2009); see United States v. Parral-Dominguez, 794 F.3d 440, 445 (4th Cir. 2015) (concluding that North Carolina statute criminalizing shooting into occupied buildings was not a crime of violence under the force clause of 18 U.S.C. § 16(a)).

In light of the foregoing circumstances, Shabazz's § 2255 Motion (ECF No. 42) will be granted. The matter will be set for a resentencing.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 6, 2016
Richmond, Virginia

3